IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3034-D

JAMES TYRONE ABRAHAM,            )
                                 )
            Plaintiff,           )
                                 )
      v.                         )        **ORDER**
                                 )
ROBERT G. JONES, et al.,         )
                                 )
            Defendants.          )

James Tyrone Abraham ("Abraham" or "plaintiff"), a state inmate currently incarcerated at Bertie Correctional Institution, filed this pro se action pursuant to 42 U.S.C. § 1983, challenging the validity of his January 15, 2010 disciplinary conviction at Hyde Correctional Institution ("HCI") for attempting to escape [D.E. 1]. Plaintiff seeks leave to proceed in forma pauperis [D.E. 2]. On June 30, 2010, Abraham filed a motion to appoint counsel [D.E. 5], a "motion to summon and service of process" [D.E. 6], a motion to amend his complaint [D.E. 7], and a motion to submit additional evidence [D.E. 8].

Courts must review complaints in civil actions in which pro se litigants seek relief from a governmental entity or officer, and dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is

flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Moreover, the court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

A party may amend his pleading once as a matter of course within 21 days after service, or, if it is a pleading requiring a response, within 21 days after service of the response or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his pleading only with the written consent of opposing counsel or by leave of court. Fed. R. Civ. P. 15(a)(2). Because Abraham's complaint is subject to review under section 1915A, no defendant has been served. Accordingly, Abraham's motions to amend are granted, and the court reviews the additional materials together with the original complaint to determine whether Abraham has stated any claim upon which relief may be granted.

Abraham alleges that on January 15, 2010, at HCI, two correctional officers were "conducting a count" and "said they found fake arms, leggs [sic], upper torso" in Abraham's bunk. Compl. ¶ IV. Abraham was charged with and convicted of the disciplinary infraction of attempting to escape. Id. Abraham challenges the sufficiency of the evidence used to secure his conviction and asserts that he was at work when the contraband was discovered and has several corroborating

2

witnesses. Id. Additionally, the correctional officers "never took any pictures of [Abraham's] bunk, nor presented the arms, leggs [sic], upper torso at [the] hearing." Id.

The investigating officer recommended that the infraction be dismissed, but defendant Jones decided to proceed with the charge and "deliberately discriminated against" Abraham. Id. Defendant Respass did not allow Abraham to present "two (2) live witnesses at [the] hearing" and defendant Shelby "took the investigating officer . . . evidence, and recommendation out of the . . . inf[r]action paper." Id. Abraham appealed his disciplinary conviction to defendant Lewis, who "refuse[d] to correct this injustice, and upheld the [conviction], but did modif[y] the punishment, when he knew the administration . . . violated [Abraham's] constitutional rights." Id. Abraham "appeal[s]" his disciplinary conviction, and seeks "justice," or in the alternative, $10,000 from each defendant. Compl. ¶ V. Abraham's first motion to amend clarifies that he proceeds against all defendants "in both capacit[ies,]" elaborates upon the deficiencies in his disciplinary hearing, and notes that his disciplinary conviction resulted in a loss of gain time, eligibility for honor grade, his job, and telephone, visitation, and canteen privileges, intensive control for six months, a demotion to close custody, a $10 fee, mental anguish, anxiety, and stress. Abraham asks that he "be exonerated of the charge" and restored to medium custody status, "consideration for honor grade, and regain [his] same ten (10) points." Id. Abraham's motion to submit additional evidence seeks to provide the court with the record of the disciplinary proceedings.

To recover money damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994);

3

Edwards v. Balisok, 520 U.S. 641, 643, 648 (1997) (extending Heck to inmate disciplinary convictions). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence. Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Although Heck does not apply to all suits challenging prison disciplinary proceedings,[1] Abraham asks the court to expunge his disciplinary conviction and reimburse him for all losses incurred from his disciplinary conviction. Thus, Abraham challenges the validity of his disciplinary conviction. Because Abraham's disciplinary conviction has not been overturned or otherwise invalidated, Abraham may not proceed with his section 1983 claim.

Next, the court addresses Abraham's claim that he was charged with the infraction for discriminatory reasons. The equal protection clause provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).

Abraham has not stated that he was treated differently from any person with whom he is similarly situated. Although pro se litigants are held to less stringent pleading standards than attorneys, the court is not required to accept as true legal conclusions or unwarranted factual inferences. See, e.g., Iqbal, 129 S. Ct. at 1949–52; Twombly, 550 U.S. at 555; Coleman, 626 F.3d

---

[1] See Muhammad v. Close, 540 U.S. 749, 751, 755 (2004) (per curiam) ("Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence.").

4

at 190. Abraham has not made plausible allegations to support his equal protection claim. See Coleman, 626 F.3d at 190–91. Thus, Abraham has failed to state a claim upon which relief may be granted, and this claim is dismissed without prejudice.

Finally, to the extent Abraham challenges the sufficiency of the due process afforded to him at the disciplinary hearing, Abraham's own materials belie his claim. The Supreme Court has mandated certain procedural safeguards when loss of statutory good-time credit is at issue. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Under the Wolff standard, an inmate is entitled to the following: (1) written notice of the charges at least twenty-four hours in advance of the hearing; (2) a written statement by the factfinders as to the evidence relied on and reasons for disciplinary action; and (3) to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. Id. at 564–66. It is clear that HCI provided Abraham with all of these procedural protections. See Mot. Submit Evidence, Exs. A–B, E. Although the hearing officer denied Abraham's live-witness request, he stated an adequate reason (irrelevance) for the refusal. Id., Ex. E; Wolff, 418 U.S. at 566. Thus, plaintiff has failed to state a claim upon which relief may be granted.

As for Abraham's motion for appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case, and Abraham's abilities do not present exceptional circumstances. Accordingly, the court denies Abraham's motion to appoint counsel.

In sum, the court DISMISSES the action without prejudice for failure to state a claim upon which relief can be granted. Plaintiff's motions to amend [D.E. 7–8] are ALLOWED. Plaintiff's motion to appoint counsel [D.E. 5] is DENIED. Plaintiff's "motion to summon and service of process" [D.E. 6] is DENIED as moot.

SO ORDERED. This 8 day of February 2011.

JAMES C. DEVER III
United States District Judge